EXHIBIT A

Electronically Filed
3/4/2022 5:13 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
John A. Kawai
Nevada Bar No. 14893
TRIAL LAWYERS FOR JUSTICE
Physical address:
c/o Nia Killebrew
801 South 4th Street
Las Vegas, NV 89101
Mailing address:
548 Market Street, PMB 66906
San Francisco, CA 94104-5401
Phone:  (310) 855-3727
Fax:     (310) 855-3595
Email:  TeamOjai@tl4j.com
*Attorneys for Plaintiffs*

CASE NO: A-22-849262-C
Department 24

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JUSTIN FUENTES; CYNTHIA FUENTES; and ALEX MENDOZA,<br><br>Plaintiffs,<br><br>vs.<br><br>PORTIER, LLC; PHUONG MINH DUONG; DOES I through V; and BUSINESS ENTITIES I through V, inclusive,<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>COMPLAINT |

**COMPLAINT**

COME NOW, Plaintiffs, JUSTIN FUENTES; CYNTHIA FUENTES; and ALEX MENDOZA, by and through their attorneys of record, John A. Kawai, and as for their Complaint against Defendants above-named, and each of them, and for their cause of action allege as follows:

///

1

**COMPLAINT; DEMAND FOR JURY TRIAL**

## I.

## **JURISDICTIONAL ALLEGATIONS**

1. That at all times relevant to this action, Plaintiffs, JUSTIN FUENTES; CYNTHIA FUENTES; and ALEX MENDOZA (hereinafter "Plaintiffs"), were and are residents of the State of California.

2. That upon information and belief, and at all times relevant to this action, Defendants PORTIER, LLC and PHUONG MINH DUONG were and are residents of the State of Nevada.

3. That Defendants, DOES I through V and ROE BUSINESS ENTITIES VI through X, are sued herein by their fictitious names for the reason that their respective true names are unknown to Plaintiff at this time. When their true names are ascertained, Plaintiff will ask leave of this court to insert their true names herein, in the place and stead of their fictitious names. That at all times mentioned herein, each of the Defendants was the agent, employee, servant or corporate employer of the other and acting within the scope and purpose of said agency, employment, service or corporate activity. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE or ROE BUSINESS ENTITY is negligently or otherwise responsible in some manner for the acts, events, circumstances, and happenings complained of herein, and actually and proximately thereby caused Plaintiff to suffer the expenses and damages herein below alleged. Further, Plaintiff alleges that each of the Defendants was an owner, operator, lessor, lessee, or some other entity interested in the operation and maintenance of Defendant's vehicle at all relevant times to this action.

## II.

## **FIRST CAUSE OF ACTION**

### (Negligence and Negligence Per Se)

4. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this Complaint as though the same were fully set forth at length herein.

1    5.   That on or about March 23, 2020, in the State of Nevada, County of Clark, at the intersection of Raphael Rivera Way and Durango, Las Vegas, a vehicle owned, leased, inspected, repaired, maintained, managed, operated, and/or controlled by Defendants ran a red light and struck a vehicle occupied by Plaintiffs Justin Fuentes and Alex Mendoza.

6.   That Defendant Phuong, while in the course and scope of his agency and/or employment with Defendant Portier, LLC, did operate a motor vehicle in such a negligent, reckless and careless manner, failing to use due care and failing to heed a red light, that he caused Defendant's vehicle to collide with the vehicle occupied by Plaintiffs Justin Fuentes and Alex Mendoza, further causing Plaintiffs to suffer such serious and permanent injuries as are hereinafter more fully described.

7.   That at all times relevant to this action, Defendant Phuong was driving Defendant's vehicle in the course and scope of his employment with Defendants Portier, LLC and DOES and ROE BUSINESS ENTITIES.

8.   That the aforesaid collision was solely caused by the negligent, careless and gross, wanton and reckless conduct of Defendant Phuong and in no way was due to any negligent act or failure to act on the part of Plaintiffs.

9.   That the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Phuong included, but is not limited to, the following:

    a.   failure to properly observe the roadway;
    b.   failure to properly observe traffic controls, including but not limited to a red light;
    c.   failure to yield to another vehicle that had the right of way;
    d.   operating his vehicle without due regard for the rights, safety and position of Plaintiffs, lawfully on the roadway;
    e.   operating his vehicle so as to bring it into sudden, forcible contact with the vehicle occupied by Plaintiffs;
    f.   failure to give warning of his approach;
    g.   failure to maneuver his vehicle so as to avoid a collision;
    h.   failure to maintain adequate control over his vehicle;
    i.   failure to obey the rules of the road, the statutes of the State of Nevada and the



   ordinances/codes of Clark County, in and about operating his vehicle on the highways and roadways of the State of Nevada; and

  j. specifically, *inter alia*, failure to obey a red light in violation of N.R.S. 484B.307.

 10. That as a direct and proximate result of the above-stated acts and omissions of Defendants, and each of them, Plaintiffs Justin Fuentes and Alex Mendoza sustained severe bodily injury, and Plaintiff Cynthia Fuentes, at all times the lawful spouse of Justin Fuentes, sustained loss of spousal consortium.

 11. That said injuries are permanent and lasting in nature and that Plaintiffs suffered great pain, suffering and anxiety, and will continue to do so in the future.

 12. That as a direct and proximate result of the above-stated acts and omissions of Defendants, and each of them, Plaintiffs were prevented from attending and participating in their usual activities.

 13. That as a direct and proximate result of the above-stated acts and omissions of Defendants, and each of them, Plaintiffs were required to seek and undergo medical treatment, including, but not limited to, treatment by physicians, physical therapy and the taking of prescribed medications.

 14. That as a direct and proximate result of the above-stated acts and omissions of Defendants, and each of them, Plaintiffs have incurred, reasonable and necessary medical expenses related to injuries they sustained in the subject motor vehicle accident.

 15. That as a direct and proximate result of the above-stated acts and omissions of Defendants, and each of them, Plaintiffs will reasonably require future medical treatment and care.

 16. That as a direct and proximate result of the above-stated acts and omissions of Defendants, and each of them, Plaintiffs lost wages from their employment for a period of time, thereby causing Plaintiffs to lose income, and that Plaintiffs may in the future lose additional income in an amount to be determined at trial.

 17. That Plaintiffs have been required to obtain the services of an attorney in order to prosecute this action, and that they are entitled to recover reasonable attorney's fees plus costs of suit.



## III.

## SECOND CAUSE OF ACTION

**(Negligent Entrustment as to Defendants PORTIER, LLC; DOES and ROE BUSINESS ENTITIES)**

18. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as though the same were fully set forth at length herein.

19. That Defendants PORTIER, LLC; DOES and ROE BUSINESS ENTITIES entrusted Defendant's vehicle to Defendant Duong.

20. That Defendants PORTIER, LLC; DOES and ROE BUSINESS ENTITIES either knew, or should have known, that such entrustment to Defendant Duong was negligent.

21. That as a direct and proximate result of Defendant PORTIER, LLC; DOES and ROE BUSINESS ENTITIES' negligent entrustment of Defendant's vehicle, Plaintiffs sustained damages for which PORTIER, LLC; DOES and ROE BUSINESS ENTITIES are now liable.

22. That Plaintiffs have been required to obtain the services of an attorney in order to prosecute this action, and they are entitled to recover reasonable attorney's fees plus costs of suit.

## IV.

## THIRD CAUSE OF ACTION

**(Respondent Superior as to PORTIER, LLC and ROE BUSINESS ENTITIES)**

23. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this Complaint as though the same were fully set forth at length herein.

24. That upon information and belief and at all times herein mentioned, Defendant Duong, was an agent, servant and/or employee of Portier, LLC and/or Roe Business Entities, and at all times herein mentioned, was acting within the course and scope of said employment and agency, and was driving Defendant's motor vehicle with the knowledge, permission and consent of Portier, LLC and/or Roe Business Entities.

25. That upon information and belief and at all times mentioned herein, Defendant's motor vehicle being driven by Defendant Duong, was owned, operated and/or leased by Portier, LLC and/or Roe Business Entities.

**COMPLAINT; DEMAND FOR JURY TRIAL**

26. That Defendant Portier, LLC and/or Roe Business Entities are vicariously liable and/or jointly and severally liable for the negligence of Defendant Duong, under the doctrine of respondent superior, which directly and proximately resulted in Plaintiffs' aforesaid damages.

27. That Plaintiffs have been required to obtain the services of an attorney in order to prosecute this action, and that they are entitled to recover reasonable attorney's fees plus costs of suit.

## V.
## FOURTH CAUSE OF ACTION
**(Negligent Training, Hiring and Supervision as to PORTIER, LLC and ROE BUSINESS ENTITIES)**

28. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this Complaint as though the same were fully set forth at length herein.

29. That, upon information and belief, Portier, LLC and/or Roe Business Entities were negligent in the hiring, training, retention and supervision of their respective agents, servants, and/or employees, specifically, Defendant Duong, so as to directly and proximately cause Plaintiffs' damages and are thus liable for said damages.

30. That Plaintiffs have been required to obtain the services of an attorney in order to prosecute this action, and that they are entitled to recover reasonable attorney's fees and costs of suit.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs expressly reserving the right to amend this Complaint at the time of trial of the action to include all items of damage not yet ascertained and for any causes of action which discovery may so provide, demands judgment against Defendants, and each of them, as follows:



1. For a sum in excess of $15,000 as and for past and future medical expenses and wage loss;
2. For a sum in excess of $15,000 as and for general damages for pain, suffering, mental distress, anguish and fear;
3. For reasonable attorney's fees plus costs of suit;
4. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 2nd day of March, 2022.

                TRIAL LAWYERS FOR JUSTICE

                John A. Kawai Esq. (SBN 14893)
                *Attorney for Plaintiffs*
                Physical address:
                c/o Nia Killebrew
                801 South 4th Street
                Las Vegas, NV 89101
                Mailing address:
                548 Market Street, PMB 66906
                San Francisco, CA 94104-5401

